[Cite as *State v. Richards*, 2016-Ohio-1293.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 14-15-27

    v.

JONATHON M. RICHARDS,          O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 14-CR-0167**

**Judgment Affirmed**

**Date of Decision:  March 28, 2016**

---

APPEARANCES:

    *Robert J. Beck, Jr. and Eric W. Brehm* **for Appellant**

    *David W. Phillips* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Jonathon M. Richards ("Richards"), brings this appeal from the judgment of the Common Pleas Court of Union County, Ohio, which accepted his plea of guilty to one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), (D)(1)(a), and sentenced him to five years in prison. For the reasons that follow, we affirm the trial court's judgment.

*Relevant Background*

{¶2} On September 4, 2014, Richards was indicted on one count of rape, a felony of the first degree in violation of R.C. 2907.02(A)(2), (B); one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), (D)(1)(a), and one count of domestic violence, a misdemeanor of the first degree in violation of R.C. 2919.25(A), (D)(2). (R. at 1.) The charges stemmed from incidents that occurred on May 22, 2014, and June 5, 2014. (*Id.*) The victim in both cases was L.W., Richards's wife. (*See* R. at 54, Am. Bill of Particulars.) Richards entered a plea of not guilty.

{¶3} On July 31, 2015, Richards withdrew his former not guilty plea and entered a plea of guilty to one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), (D)(1)(a). (R. at 57.) The trial court accepted the plea, found Richards guilty of the charge and at the request of the State, it dismissed the remaining counts of the indictment. (*Id.*) After a

presentence investigation report was prepared, the parties appeared for sentencing on September 16, 2015. The trial court sentenced Richards to five years of imprisonment and from this sentence Richards now appeals raising one assignment of error as quoted below.

**THE TRIAL COURT DID ERR BY IMPOSING A PRISON TERM THAT IS DISPROPORTIONATE TO OTHER SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.**

### *Standard of Review*

{**¶4**} A trial court has discretion to impose a prison sentence that is within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37; *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. But in exercising that discretion, the trial court must "carefully consider" the statutory sentencing guidelines set forth in R.C. 2929.11 and R.C. 2929.12, as well as the "statutes that are specific to the case itself." *Matthis* at ¶ 38. We will reverse the sentence only if we determine "by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002 (March 15, 2016).

{**¶5**} Under R.C. 2929.11, in imposing the sentence, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Furthermore, the trial court

must ensure that the sentence is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * , commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Under R.C. 2929.12, the trial court shall consider a number of factors that relate to the seriousness of the conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces.

## *Analysis*

{¶6} Richards alleges that his sentence was disproportionate to other sentences imposed for similar crimes committed by similar offenders. As the only support for his argument Richards submits that (1) he "had no prior felony convictions" and (2) "he had never been imprisoned in a State penitentiary." (App't Br. at 5.)

{¶7} "Proportionality is one of the overriding principles of felony sentencing under R.C. 2929.11," and it is achieved by " 'a proper and circumspect application of the sentencing guidelines.' " *State v. Lewis*, 11th Dist. Lake No. 2011-L-004, 2011-Ohio-4700, ¶ 25-26. Thus, multiple courts have noted that "a consistent sentence is not achieved from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines." *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054, ¶ 17, citing *State v. Hall,*

179 Ohio App.3d 727, 2008–Ohio–6228, 903 N.E.2d 676, ¶ 10 (10th Dist.); *accord State v. Mansley*, 2d Dist. Montgomery No. 26417, 2015-Ohio-2785, ¶ 17; *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 22; *State v. Marker*, 11th Dist. Portage No. 2006-P-0014, 2007-Ohio-3379, ¶ 44; *State v. Coburn*, 4th Dist. Adams No. 03CA774, 2004-Ohio-2997, ¶ 17. Therefore, "[a] defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and 2929.12." *Sutton* at ¶ 18.

{¶8} While the burden is on the defendant to demonstrate that the sentence is not supported by the record or is contrary to law, Richards offers nothing to support his assignment of error on appeal. *See State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 18; *State v. Searles*, 8th Dist. Cuyahoga No. 96549, 2011-Ohio-6275, ¶ 25. He does not argue that the trial court failed to properly consider or follow the necessary sentencing guidelines; nor does he argue that the record does not support the trial court's findings or that the sentence is otherwise contrary to law.

{¶9} Based on our review, the five-year prison term was well supported by the record, which includes a summary of factual allegations that lead to the charges and the presentence investigation report. The facts indicate that the victim in this case, L.W., was repeatedly physically and sexually abused by Richards. (Tr. of Proceedings, Sentencing at 4-5, 12, Sept. 16, 2015.) The recent abuse

included strangulation of the victim "to the point that her legs were -- and arms were twitching, that she saw stars, that she attempted to stop him and lost strength," and that "she was losing consciousness." (*Id.* at 4.) The incident left bruising on the victim's face and neck, "a yellow bruise to the white of her eye," and a "ruptured blood vessel in the eye." (Tr. of Proceedings, Change of Plea at 20, July 31, 2015.) The abuse occurred in front of children. (Tr. of Proceedings, Sentencing at 12; *see also* Tr. of Proceedings, Change of Plea at 19.)

{¶10} Richards had previously been charged with domestic violence in Madison County, Ohio, and convicted of an amended charge of disorderly conduct as a result. (Tr. of Proceedings, Sentencing at 5; PSI at 6.) At the time of the sentencing in this case, Richards was under probation for the Madison County case and was attending domestic violence group sessions. (PSI at 7; Tr. of Proceedings, Change of Plea at 7.) The trial court referred to the facts that led to the rape charges, commenting that they were "particularly egregious." (Tr. of Proceedings, Sentencing at 13.) Although they were dismissed upon the victim's request because "she did not wish there to be a mandatory prison term," Richards admitted to committing the acts that the court described as "particularly egregious." (*Id.* at 5, 13; *see also* PSI at 4.)

{¶11} As stated above, Richards pointed to no facts or factors on appeal to indicate that the trial court erred in imposing his sentence. We further note that the five-year prison term falls within the statutory range, which is from two to

eight years, and is less than the maximum prison term permitted by the statute. *See* R.C. 2929.14(A)(2). For all of the foregoing reasons, we overrule the assignment of error and affirm the sentence imposed by the trial court.

### *Conclusion*

{¶12} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Union County, Ohio is therefore affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**