[Cite as *State v. Harris*, 2017-Ohio-9052.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                       :
                                    :
    Plaintiff-Appellee          :    C.A. CASE NO. 27179
                                    :
v.                                  :    T.C. NO. 14-CR-820/2
                                    :
ALAN HARRIS, JR.                    :    (Criminal Appeal from
                                    :     Common Pleas Court)
    Defendant-Appellant         :
                                    :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 15th day of December, 2017.

. . . . . . . . . .

ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER M. COOPER, Atty. Reg. No. 0028970, 3055 Cleveland Avenue, Columbus, Ohio 43224
    Attorney for Defendant-Appellant

ALAN HARRIS, JR., Inmate #727124, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Alan Harris, Jr. appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty on his guilty plea of possession of marijuana, and sentenced him to five years of imprisonment. Harris's appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has found no non-frivolous issues for appeal, and has asked to withdraw from the case. Counsel identified two potential assignments of error for review. We informed Harris that his attorney had filed an *Anders* brief on his behalf and granted him 60 days to file a pro se brief. Harris filed a pro se brief with four potential assignments of error. The State has filed a brief in response to Harris's brief.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} On March 14, 2014, Harris and two co-defendants were each indicted on one count of possession of marijuana (≥40,000g) and one count of trafficking in marijuana (≥40,000g), both felonies of the second degree. On April 28 and 30, 2014, Harris filed motions to suppress evidence. A hearing was held on his motions; the trial court subsequently overruled Harris's motions to suppress. The trial was set for March 8, 2016.

{¶ 4} On March 4, 2016, Harris entered a guilty plea to one count of possession of marijuana (≥20,000g but < 40,000g), which is also a felony of the second degree and which was a "lesser included offense" of the one contained in the indictment; the count of trafficking in marijuana was dismissed. The parties agreed that Harris would serve a term of imprisonment of five to eight years, that he would be entitled to a five-year sentence if he cooperated with the State by testifying against his co-defendants, and that

if any other defendant in the case received a lesser sentence, "Harris shall too be able to benefit from that reduction and a lesser term of imprisonment." The parties also agreed that Harris could be ordered to pay a fine and/or other financial sanctions and that he faced a mandatory driver's license revocation or suspension. On June 21, 2016, the trial court sentenced Harris to a five-year mandatory term of imprisonment, ordered him to pay a $7,500 fine, and suspended his driver's license for one year.

{¶ 5} Before turning to counsel's and Harris's potential assignments of error, we note that, even though Harris has elected to file a pro se brief, we review this appeal in accordance with *Anders* and consider whether Harris's and his appellate counsel's potential assignments of error are frivolous. In addition, we continue to have the obligation to review the entire record for any non-frivolous issues. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 6} Harris's appellate counsel raised two potential issues for review: (1) whether Harris waived his right to appeal the decisions on his pretrial motions by entering a guilty plea, and (2) whether the trial court erred by denying Harris's motions to suppress. In his first assignment of error, Harris also challenges the trial court's denial of his motions to suppress. In his second assignment, Harris argues that his rights to confront and cross-examine witnesses against him were violated by the use of out-of-court hearsay statements of one or more of his co-defendants in building the case against him.

{¶ 7} A plea of guilty is a complete admission of guilt. Consequently, a guilty plea waives all appealable errors, including a ruling on a motion to suppress, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Frazier*, 2016-Ohio-727, 60

N.E.3d 633, ¶ 81 (2d Dist.); *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler,* 2d Dist. Montgomery No. 24112, 2011-Ohio-3423. We find nothing in the trial court's pretrial rulings or in the State's alleged violation of his right to confront witnesses against him that would have precluded Harris from knowingly, intelligently, and voluntarily entering his plea. As such, Harris waived these arguments when he entered his guilty plea.

{¶ 8} Harris's first and second assignments of error and the issues raised by Harris's counsel have no arguable merit.

{¶ 9} In his third assignment of error, Harris asserts that his sentence was contrary to law, because he was "under the assumption" that his plea to a lesser included offense meant that he was pleading to a felony of a lesser degree. In fact, both the offense with which he was charged and the offense to which he pled guilty were felonies of the second degree.

{¶ 10} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, * * * be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Pope*, 2d Dist. Montgomery No. 27231, 2017-Ohio-1308, ¶ 15, citing *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus, as modified by *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 25. The definition does not incorporate the degree(s) of the related offenses.

{¶ 11} Further, the prosecutor addressed this issue at the plea hearing. She

stated, "Just for clarification, as to Count I, the defendant would be pleaing (sic) to the lesser-included offense of Count I. It's still a felony of the second degree. It's just the penalties and the amounts change." The plea form also described the offense as a "Lesser Included Offense Count One" and as "Possession of Marihuana (20,000 grams but < 40,000 grams)," whereas the indictment had defined Count I as possession of marijuana "in an amount which equaled or exceeded forty thousand (40,000) grams." Harris has cited no basis for his "impression" that the lesser included offense would be a felony of the third degree.

{¶ 12} Moreover, the parties' agreement as to the sentence was not specifically related to the degree of the offense of which he was convicted; the potential sentence was described throughout the proceedings as five to eight years, which is within the sentencing range for a second-degree felony, and the trial court imposed a sentence of five years. (The sentence for possession of marijuana of 40,000g or more is a mandatory eight years, the maximum allowable sentence for a second-degree felony.) *See* R.C. 2925.11(C)(3). The maximum penalty for a felony of the third degree is five years (60 months), and Harris's "assumption" that he would be sentenced for a felony of the third degree would have been inconsistent with the conversation on the record related to the sentence he faced. Reducing the amount of marijuana that Harris was alleged to have possessed allowed his potential sentence to be reduced by three years (dependent on his cooperation in other cases). On this record, Harris has no arguable claim that he was confused or misled as to the degree of the offense or that he was prejudiced in any way by his understanding of the plea.

{¶ 13} Harris relies on *State v. Arnold*, 2012-Ohio-5786, 984 N.E.2d 364 (2d

Dist.), which involved the legislative revision of statutory provisions, specifically related to drug offenses involving crack cocaine and powder cocaine, and whether a defendant who was entitled to a lesser sentence under the revised statute, Am.Sub.H.B. No. 86, was also entitled to have the degree of the offense reduced. The issues in *Arnold* are not analogous to Harris's case, and the holding does not support a conclusion that Harris should have been sentenced to a felony of a lesser degree.

{¶ 14} The third assignment of error is frivolous.

{¶ 15} In his fourth assignment of error, Harris argues that he was denied the effective assistance of counsel. To establish ineffective assistance, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 16} Harris identifies several alleged shortcomings of counsel which predated his plea: counsel's failure to give appropriate scrutiny to the inventories of the searches conducted by police; failure to pursue all pretrial motions to a decision from the court, after the court deemed them "trial matters"; failure to investigate the possibility of police misconduct; and failure to investigate the arrival of a second canine officer at the scene of the search, who had "invit[ed] himself."

{¶ 17} As we discussed under his first and second assignments of error, a plea of guilty is a complete admission of guilt and waives all appealable errors, including a claim of ineffective assistance of counsel, except to the extent that the errors precluded

the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. The alleged shortcomings of counsel identified above do not implicate Harris's ability to enter a valid plea, and therefore they were waived by his entry of a guilty plea.

{¶ 18} Harris also contends that counsel did not inform him of the mandatory nature of his plea and inaccurately advised him that "he was going to receive 5 years and would be out in 3 for good behavior." Because his sentence was mandatory, Harris asserts that "no early release options [were] available" and that he was misinformed by counsel.

{¶ 19} Harris's claim about communications with his attorney presents a matter outside the record. A claim of ineffective assistance of counsel cannot be asserted on direct appeal if it relies on matters outside the record. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 28. (We note, however, that the record refutes Harris's claim insofar as he was informed by the court multiple times at the hearing that his sentence would be a mandatory five years, and Harris indicated that he understood this fact.) Because any evidence upon which Harris would rely in support of this argument is outside the record, this claim of ineffective assistance of counsel is frivolous.

{¶ 20} The fourth assignment of error has no arguable merit.

{¶ 21} Having conducted an independent review of the entire record, we find no non-frivolous issues for appeal. The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Alice B. Peters
Christopher M. Cooper
Alan Harris, Jr.
Hon. Michael W. Krumholtz