[Cite as *State v. Lane*, 2018-Ohio-1320.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27347 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-874 |
| | : | |
| JAMES M. LANE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of April, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 2000 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

JAMES M. LANE, Inmate No. 729-999, North Central Correctional Complex, P.O. Box 1812, Marion, Ohio 43301
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, James M. Lane, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after he pled guilty to attempted kidnapping, menacing by stalking, and violating a protection order. On April 10, 2017, Lane's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal and raising one potential assignment of error. On April 12, 2017, we notified Lane that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Thereafter, Lane filed a pro se brief raising two assignments of error that challenge certain aspects of his sentence. The State then filed a brief opposing Lane's assigned errors and Lane filed a reply brief in response. After reviewing Lane's assigned errors and counsel's potential assignment of error, we find they are without arguable merit. Also, in conducting our independent *Anders* review, we find no issues with arguable merit for Lane to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On March 25, 2016, the Montgomery County Grand Jury returned a ten-count indictment charging Lane with three counts of attempted murder, three counts of attempted kidnapping, two counts of violating a protection order, one count of menacing by stalking, and one count of possessing criminal tools. The alleged victims for the three attempted murder and three attempted kidnapping charges were Lane's ex-wife and his two twin daughters. Lane's ex-wife was also the alleged victim for the menacing by

stalking charge.

{¶ 3} The charges arose after Lane's ex-wife filed a protection order against Lane on February 9, 2016. Approximately a month after the protection order was issued, Lane's ex-wife contacted the Riverside Police Department and reported that Lane was following her in his vehicle while she was leaving a domestic violence support group meeting. Lane's ex-wife also advised that she had received letters in Lane's handwriting and several e-mails from him. She further advised that she was in the military and that the Air Force Office of Special Investigations (AFOSI) was currently investigating allegations of rape she had made against Lane.

{¶ 4} Approximately two hours after Lane's ex-wife reported that Lane was following her in his vehicle, AFOSI contacted the Riverside Police Department and advised that their agents had observed Lane parked in an area near Wright Patterson Air Force Base. Thereafter, a Riverside officer went to that location and arrested Lane for violating the protection order. Because Lane's vehicle had to be towed, an inventory search of Lane's vehicle was conducted and the search yielded $1,800 in cash, a stun gun, a hand gun, duct tape, black latex gloves, a lock picking set, a white plastic bag, and yellow zip ties looped together so that they could be used as handcuffs.

{¶ 5} Once indicted, Lane filed a motion to suppress on April 13, 2016, for which a hearing was held on June 30, 2016. After the hearing, the trial court took the matter under advisement and issued a decision overruling the motion on August 23, 2016. Thereafter, Lane filed a motion to dismiss for lack of a speedy trial on October 7, 2016. The trial court overruled that motion as well, finding that the statutory speedy-trial time was tolled due to Lane filing his motion to suppress.

{¶ 6} Lane's case was set for a jury trial on October 11, 2016. Prior to the start of trial, Lane moved the court in limine to exclude two audio tapes from evidence that contained telephone conversations between Lane and his ex-wife wherein Lane threatened violence against his ex-wife and another individual. The court overruled the motion on grounds that the recordings could be used as evidence of Lane's pattern of conduct as it relates to the menacing by stalking charge.

{¶ 7} Following the trial court's ruling on Lane's motion in limine, the parties negotiated a plea agreement whereby Lane agreed to plead guilty to one count of attempted kidnapping in violation of R.C. 2905.01(A)(3) and 2923.02(A), a felony of the second degree; one count of menacing by stalking in violation of R.C. 2903.211(A) and (B)(2)(e), a felony of the fourth degree; and one count of violating a protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. In exchange for Lane's guilty pleas, the State agreed to dismiss the other seven charges in the indictment. While no agreement was made with respect to sentencing, the parties agreed that the trial court would order a presentence investigation report.

{¶ 8} After the parties advised the trial court of the plea agreement, the court conducted a plea colloquy in compliance with Crim.R. 11, and specifically advised Lane that his guilty pleas would waive his right to appeal any of the court's pretrial rulings. Following the plea colloquy, Lane entered his guilty pleas, which the trial court found to be knowingly, intelligently, and voluntarily made. The trial court thereafter ordered a presentence investigation and scheduled the matter for sentencing on October 26, 2016.

{¶ 9} At sentencing, the trial court indicated that it had reviewed the presentence investigation report, the sentencing memorandums filed by each party, and the victim

impact statement submitted by Lane's ex-wife. The court further advised that it had considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Additionally, the trial court considered that, pursuant to R.C. 2929.13, a prison term is presumed to apply to Lane's second-degree felony offense of attempted kidnapping.

{¶ 10} Continuing, the trial court indicated that it found the facts of the case to be "troubling and disturbing." Sentencing Trans. (Oct. 26, 2016), p. 34. The presentence investigation report indicated that Lane admitted to violating the protection order and that Lane acknowledged it was possible that he had acquired the items found in his vehicle in order to detain his ex-wife and force her to talk to him. The court noted that Lane's actions and words demonstrate "that had not law enforcement intervened when they did, that things would have ended up a much more serious situation." *Id.* The court further noted that Lane had "terrified [his] family and * * * violated a specific order of the court not to have any contact." *Id.*

{¶ 11} After discussing its sentencing considerations, the trial court sentenced Lane to eight years in prison for attempted kidnapping, 18 months in prison for menacing by stalking, and 180 days in jail for violating the protection order. The trial court then ordered each of these sentences to be served concurrently for a total prison term of 8 years. The trial court also imposed a three-year mandatory term of post-release control for attempted kidnapping and a three-year discretionary term of post-release control for menacing by stalking. The trial court did not order the terms of post-release control to be served consecutively, as concurrent service is mandatory pursuant to R.C. 2967.28. In addition, the trial court imposed 225 days of jail time credit.

{¶ 12} Following his conviction and sentence, Lane filed the instant appeal. Lane's appellate counsel then filed an *Anders* brief indicating that there were no issues with arguable merit to advance on appeal. However, as a potential assignment of error, appellate counsel suggested that the trial court may have erred in overruling Lane's motion to dismiss for a speedy-trial violation. Thereafter, Lane filed a pro se brief that raised two assignments of error challenging his eight-year prison sentence. The State then filed a brief opposing Lane's assigned errors to which Lane filed a reply brief in response. The matter is now ripe for an *Anders* review.

## Law and Analysis

{¶ 13} Pursuant to *Anders*, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 14} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel,*

2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

{¶ 15} We note that, even though Lane has elected to file a pro se brief, we review this appeal in accordance with *Anders* and consider whether Lane and his appellate counsel's potential assignments of error are frivolous. *State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 5. In addition, we continue to have the obligation to conduct an independent review of the entire record for any non-frivolous issues. *Id.*, citing *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 16} We will first determine whether the two potential assignments of error raised by Lane have arguable merit. Under his first assignment of error, Lane contends that his eight-year prison sentence is contrary to law because the trial court failed to impose a sentence that is consistent with sentences imposed for similar crimes committed by similar offenders in violation of R.C. 2929.11(B). Under his second assignment of error, Lane contends that his sentence is contrary to law because the trial court failed to make the findings required by R.C. 2929.13 and include those findings in the sentencing entry. For the following reasons, we find both of Lane's assignments of error are without arguable merit.

{¶ 17} Felony sentences are reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7, 16. Pursuant to the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and

convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id*. at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.). (Other citation omitted.) "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶ 18} Under his second assignment of error, Lane contends that the trial court was required to make findings under one of the "relevant statutes" listed in R.C. 2953.08(G)(2); namely, R.C. 2929.13(B). Lane specifically references sections (B)(2)(a) and (B)(2)(b) of the statute, which are former provisions that have since been deleted. Under the current version of R.C. 2929.13, section (B)(1)(a) and (B)(1)(b) provide certain findings a trial court must make when determining whether community control sanctions are mandatory for fourth-degree felonies that are not offenses of violence, or whether the court has discretion to impose a prison term for those offenses. However, these sections of R.C. 2929.13 do not apply to this case because Lane's fourth-degree-felony offense of menacing by stalking is an offense of violence. *See* R.C. 2901.01(A)(9)(a). In sentencing Lane for menacing by stalking, the trial court was only required to "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2).

**{¶ 19}** Although not specifically argued by Lane, we note that the findings required by R.C. 2929.13(D) also do not apply here. Those findings only apply when the trial court decides to impose community control sanctions for a first or second-degree felony offense in which a prison term is presumed. In order to overcome the presumption of a prison term, the trial court must make the findings set forth in R.C. 2929.13(D)(2). Here, the trial court sentenced Lane to prison for his second-degree felony offense of attempted kidnapping, not community control; accordingly, the trial court was not required to make the findings under section (D)(2) of the statute.

**{¶ 20}** Given that the trial court was not required to make any of the findings under R.C. 2929.13(B) or (D), or under any of the other statutes listed in R.C. 2953.08(G)(2), in reviewing Lane's sentence, it must be determined whether his sentence is otherwise contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. We note that "[n]either R.C. 2929.11 nor 2929.12 requires trial courts to give reasons for their sentencing decisions or to make specific findings." *State v. Brandon*, 2d Dist. Clark Nos. 2014-CA-143, 2014-CA-144, 2014-CA-145, 2016-Ohio-227, ¶ 8

**{¶ 21}** In this case, the trial court indicated that it had considered the purposes and

principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. In addition, the prison/jail terms imposed by the trial court for each of Lane's offenses are within the authorized statutory range. *See* R.C. 2929.14(A)(1); R.C. 2929.24(A)(1). Under these circumstances, Lane's sentence is not contrary to law.

{¶ 22} Nevertheless, Lane argues under his first assignment of error that his sentence is contrary to law because the trial court failed to impose a sentence "consistent with sentences imposed for similar crimes committed by similar offenders" as required by R.C. 2929.11(B). In support of this argument, Lane cites multiple cases in which he claims the offender was sentenced less harshly for the offense of attempted kidnapping. However, none of the cases cited by Lane are factually similar to the instant case. Moreover, unlike this case, the cases cited by Lane either do not involve any additional offenses or involve additional offenses other than menacing by stalking or violating a protection order.

{¶ 23} Regardless of these differences, "a consistent sentence is not achieved from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines." *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 16, citing *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 10 (10th Dist.). *Accord State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 19. As noted in *State v. Battle*, 10th Dist. Franklin No. 06AP-863, 2007-Ohio-1845:

> " 'Consistency * * * does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an

appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.' "

*Id.* at ¶ 24, quoting *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, ¶ 23, quoting *State v. Ryan*, 1st Dist. Hamilton No. C–020283, 2003-Ohio-1188, ¶ 10.

**{¶ 24}** "Thus, a sentencing court is not required to make a comparison of the current case to previous cases, but is required to appropriately apply the statutory sentencing guidelines in order to maintain consistency." *Hites* at ¶ 16, citing *State v. Saur*, 10th Dist. Franklin No. 10AP-1195, 2011-Ohio-6662, ¶ 37. (Other citation omitted.) "Therefore, an offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate." *Id.*, citing *State v. Hayes*, 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 10. "Rather, a defendant claiming inconsistent sentencing must show that the trial court failed to properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and 2929.12." *Hayes* at ¶ 10, citing *State v. Holloman*, 10th Dist. Franklin No. 07AP-875, 2008-Ohio-2650, ¶ 19. *Accord State v. Richards*, 3d Dist. Union No. 14-15-27, 2016-Ohio-1293, ¶ 7.

**{¶ 25}** As a further matter, " '[a] consistency-in-sentencing determination * * * is a fact-intensive inquiry that does not lend itself to being initially reviewed at the appellate level.' " *State v. Adams*, 2016-Ohio-7772, 84 N.E.3d, 155, ¶ 46 (4th Dist.), quoting *State v. Montanez–Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 14. "[C]ourts

have long concluded, a 'defendant must raise [the consistency-in-sentencing] issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.' " *Montanez-Roldon* at ¶ 14, quoting *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 37. (Other citations omitted.)

{¶ 26} Here, there is nothing in the record indicating that the trial court did not properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and R.C. 2929.12. Furthermore, Lane never raised the R.C. 2929.11(B) consistency-in-sentencing issue before the trial court, and thus failed to preserve the issue for appeal. Accordingly, Lane's R.C. 2929.11(B) claim lacks arguable merit, as well as his claim that his sentence is clearly and convincingly contrary to law.

{¶ 27} As previously noted, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 at ¶ 23. We do not, however, clearly and convincingly find that the record does not support Lane's eight-year prison sentence, and further, any claim to the contrary lacks arguable merit. The record indicates that Lane's actions have caused great distress to his ex-wife and his eight-year-old daughters. According to the presentence investigation report, Lane has a history of physically abusing his ex-wife to the extent that she has suffered from Traumatic Brain Injury and Post Traumatic Stress Disorder. Lane also has a history of being physically and emotionally abusive towards his daughters. Lane's ex-wife indicated that she is currently in the "Air Force version of Witness Protection" as a result of Lane's conduct. She

claimed that she had to move to a new military base with her daughters and that she cannot have any contact with her family that lives in another state. She also indicated that she and her daughters are in regular therapy and that her daughters are having trouble dealing with their father's actions. Lane's ex-wife further indicated that she continues to fear for her and her daughters' safety, as she believes Lane will begin "hunting [them] again" when he is released.

{¶ 28} For the foregoing reasons, we find that both of Lane's potential assignments of error challenging his eight-year prison sentence lack arguable merit.

{¶ 29} Under the potential assignment of error raised by Lane's appellate counsel, counsel suggests that the trial court may have erred in overruling Lane's motion to dismiss for a speedy-trial violation. A guilty plea, however, waives any challenge to the trial court's pretrial rulings, including a motion alleging a speedy-trial violation. *See State v. McQuirt*, 2d Dist. Montgomery No. 26667, 2016-Ohio-1095, ¶ 14 ("a defendant's guilty plea precludes, among other claims, that (1) defendant's statutory speedy trial rights were violated"), citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus.

{¶ 30} Here, Lane pled guilty to attempted kidnapping, menacing by stalking, and violating a protection order. Because we find nothing in the record from which it could be argued that Lane was precluded from knowingly, intelligently, and voluntarily entering his guilty plea, Lane's plea waived any challenge to the trial court's ruling on his motion alleging a speedy-trial violation. As a result, the potential assignment of error raised by appellate counsel also lacks arguable merit.

{¶ 31} In addition to considering the potential assignments of error raised by Lane

and his appellate counsel, we have performed our duty under *Anders* to conduct an independent review of the record. Having conducted our independent review, we find that there are no issues with arguable merit for Lane to advance on appeal. Accordingly, we conclude that Lane's appeal is wholly frivolous and affirm the judgment of the trial court.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
James M. Lane
Daniel E. Brinkman
Hon. Dennis J. Adkins