[Cite as *State v. Petticrew*, 2023-Ohio-159.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0543 |
| | : | |
| BRANDY RACHELLE PETTICREW | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 20, 2023

. . . . . . . . . . .

KADAWNI A. SCOTT & IAN A. RICHARDSON, Attorneys for Appellee

COLIN P. COCHRAN, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Brandy Rachelle Petticrew appeals from her conviction in the Clark County Common Pleas Court following a guilty plea.   For the following reasons, we affirm the judgment of the trial court.

####   I.    **Procedural History and Facts**

{¶ 2} On August 13, 2021, Petticrew crashed her van into another vehicle, which caused the other vehicle to flip over and trapped the passengers inside, then she fled the scene in her van.   It was believed that Petticrew's 6-month-old baby was inside her van at the time of the crash.   Two of the four passengers inside the other vehicle were injured, and the vehicle was totaled.   Shortly after leaving the scene, officers located Petticrew's van and pursued her, but she successfully eluded the police.   By the time police located her abandoned van at a house, Petticrew was nowhere to be found, and her baby had been left with relatives who were inside the home.   At the time of the offense, Petticrew was on post-release control for a prior felony conviction.

{¶ 3} On August 24, 2021, Petticrew was indicted by the Clark County Grand Jury on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), a felony of the third degree; one count of endangering children, in violation of R.C. 2919.22(A), a misdemeanor of the first degree; and one count of failure to stop after an accident, in violation of R.C. 4549.02, a misdemeanor of the first degree. A warrant on indictment was issued for Petticrew's arrest.

{¶ 4} On October 31, 2021, Petticrew was arrested for an unrelated felony offense and served with a copy of the indictment in this case.   On November 4, 2021, Petticrew was arraigned, and bond was set at $10,000.   Petticrew was later indicted for other, unrelated second-degree felony charges in Clark County Common Pleas Court (Clark C.P. No. 21 CR 0781 - robbery and escape), and she was held on a separate bond.

{¶ 5} On January 13, 2022, Petticrew filed a motion to reduce her bond and requested an own recognizance bond.   Petticrew also filed a motion to dismiss on

January 31, 2022, alleging that her statutory speedy trial rights had been violated.

{¶ 6} On February 9, 2022, the State responded to Petticrew's motion to amend her bond, requesting that the court maintain the previously-established bond. That same day, the State filed a response to Petticrew's motion to dismiss, and it filed a supplement to that response the following day. While the State acknowledged that Petticrew had been in custody for 92 days, the State identified several tolling events that extended the time in which the State was required to bring Petticrew to trial. The State also indicated that Petticrew was being held in custody on this case as well as Case No. 21 CR 0781, resulting in her speedy trial clock running one-for-one rather than three-for-one. Based on the State's calculations, Petticrew's speedy trial time had not yet lapsed.

{¶ 7} Following a hearing on February 11, 2022, the trial court granted Petticrew's motion to amend her bond and ordered that she be released on her own recognizance with electronic monitoring and GPS. Petticrew was placed on house arrest and granted leave to go to her employment, her probation officer, and McKinley Hall. The trial court also denied Petticrew's motion to dismiss the indictment on speedy trial grounds, finding that she was being held on two separate felony cases.

{¶ 8} On March 11, 2022, Petticrew entered a negotiated plea. She pled guilty to one count of failure to comply with an order or signal of a police officer, a felony of the third degree, and one count of failure to stop after an accident, a misdemeanor of the first degree; in exchange, the State agreed to dismiss the child endangering charge and all the charges in Case No. 21 CR 0781. Although there was no agreement on sentencing, the State agreed not to seek any additional post-release control sanction on top of the

sanction already imposed upon her by the Adult Parole Authority. Upon accepting her guilty plea, the trial court ordered a presentence investigation report ("PSI") and scheduled a sentencing date.

{¶ 9} On April 14, 2022, the trial court imposed a stated prison term of 24 months for the felony offense and 180 days for the misdemeanor offense, and it ordered those sentences to be served concurrently. Restitution to the victim was ordered in the amount of $13,043.99.

{¶ 10} Petticrew filed a timely notice of appeal and raises two assignments of error.

## II. Analysis

{¶ 11} Petticrew's first assignment of error states the following:

THE TRIAL COURT ERRED BY FAILING TO BRING PETTICREW TO TRIAL WITHIN THE TIME FOR TRIAL REQUIRED BY R.C. 2945.71(C)(2).

{¶ 12} In her first assignment of error, Petticrew claims that her speedy trial rights were violated. The State argues that by entering a plea of guilty, any question of the correctness of trial court's ruling regarding her speedy trial rights was waived. We agree with the State.

{¶ 13} Section 10, Article I of the Ohio Constitution guarantees a defendant the same right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *State v. MacDonald*, 48 Ohio St.2d 66, 68, 357 N.E.2d 40 (1976). "Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial." *State v. Jones*, 2d Dist. Montgomery No. 21974, 2008-Ohio-1603, ¶ 7. "A guilty plea, however, waives any

challenge to the trial court's pretrial rulings, including a motion alleging a speedy-trial violation." *State v. Lane*, 2d Dist. Montgomery No. 27347, 2018-Ohio-1320, ¶ 29. *See also State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus (holding that a guilty plea waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds).

{¶ 14} In this case, Petticrew filed a motion to dismiss the indictment based on statutory speedy trial grounds, which the trial court denied. However, Petticrew later entered a guilty plea, thereby waiving any challenge to the trial court's denial of her motion. We note that there is no allegation that her guilty plea was anything but knowingly, intelligently, and voluntarily entered. Nor is there any alleged claim of ineffective assistance of counsel which would have caused her plea to not have been entered knowingly, intelligently, and voluntarily. As such, Petticrew has waived any challenge based on a violation of her statutory speedy trial rights.

{¶ 15} Petticrew's first assignment of error is overruled.

{¶ 16} Petticrew's second assignment of error states the following:

THE TRIAL COURT ERRED BY FAILING TO CONSIDER PETTICREW'S PRESENT AND FUTURE ABILITY TO PAY BEFORE IMPOSING RESTITUTION AS REQUIRED BY R.C. 2929.19(B)(5).

{¶ 17} In her second assignment of error, Petticrew contends that the trial court's order of restitution should be reversed on grounds that the court allegedly failed to consider her present and future ability to pay prior to imposing restitution. We disagree.

{¶ 18} Petticrew did not challenge the imposition of restitution in the trial court and

therefore waived all but plain error. *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 22 (2d Dist.), citing *State v. Wickline*, 50 Ohio St.3d 114, 552 N.E.2d 913 (1990). In order for plain error to exist, there must be an obvious defect in the trial proceedings that affected the defendant's substantial rights, meaning that the trial court's error must have affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 19} Before imposing a financial sanction (such as restitution) as part of a sentence, a trial court is required to consider a defendant's present and future ability to pay the financial sanction at the sentencing hearing. R.C. 2929.19(B)(5); R.C. 2929.18(A)(1). However, "[t]he trial court does not need to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the record." *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.). Moreover, although preferable, there is no requirement that the trial court state on the record that it affirmatively considered the defendant's present and future ability to pay a financial sanction at the time of sentencing. *State v. Parker*, 2d Dist. Champaign No. 2003-CA-17, 2004-Ohio-1313, ¶ 42. "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the [financial sanction].' " *Culver* at ¶ 57,

quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶ 17.   If "the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *Parker* at ¶ 42.   For example, "[t]he trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work history."   (Citation omitted.) *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4.

{¶ 20} Here, the trial court did not explicitly find that Petticrew had a present or future ability to pay the restitution amount imposed.   The trial court did, however, indicate that it had received and reviewed the PSI, as well as the victim impact statement, prior to imposing sentence.   According to the PSI, Petticrew was 35 years old, had a GED and was four credits shy of an associate degree, had worked at various locations during the preceding five years after being released from prison, and had no mental or physical health conditions that would prevent her from being able to work.   Additionally, based on the total stated prison term and the jail time credit Petticrew accrued, she was expected to be released from prison when she was 36 years old.   Based on this record, the trial court had adequate information from which to evaluate Petticrew's present and future ability to pay, and we can infer that the trial court fulfilled its duty to consider Petticrew's present and future ability to pay the restitution.   Accordingly, the trial court did not commit any error, let alone plain error, in ordering her to pay the restitution as ordered.

{¶ 21} Petticrew's second assignment of error is overruled.

### I.    Conclusion

**{¶ 22}** Having overruled both of Petticrew's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.