[Cite as *State v. Jefferson*, 2025-Ohio-2008.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

     Plaintiff- Appellee,                   :

                                 No. 114457

v.                                            :

FREDERICK JEFFERSON, JR.,                     :

     Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 5, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-680636-A, CR-23-681314-B, CR-24-689643-A,
CR-24-690973-A, and CR-24-692954-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Frederick Jefferson, Jr. ("Jefferson"), challenges the trial court's imposition of a $5,000 fine imposed on his conviction for failure to comply, a felony of the third degree. Jefferson argues that the trial court not only erred in imposing the fine, but that his trial counsel was ineffective for failing to object to the imposition of the fine. Prior to imposing the fine, the trial court reviewed the presentence-investigation report, demonstrating that the trial court considered the defendant's present and future ability to pay the financial sanction and there is nothing in the record indicating that had defense counsel objected, the outcome would have been different. For these reasons, we affirm the judgment of the trial court.

## I. Procedural History and Relevant Facts.

{¶ 2} On August 5, 2024, Jefferson entered into a global plea agreement with the State of Ohio (the "State") in five separate cases: Cuyahoga C.P. Nos. CR-24-689643, CR-24-690973, CR-24-692954, CR-23-680636, and CR-23-681314. Jefferson's assignments of error focus solely on the $5,000 fine imposed in Case No. CR-24-689643. As such, our procedural accounting will focus on Case No. CR-24-689643.

{¶ 3} In Case No. CR-24-689643, Jefferson pleaded guilty to one count of failure to comply with order, signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(B); one count of attempted having weapons while under disability, a felony of the fourth degree, in violation of R.C. 2923.02/2923.12(A)(2);

one count of attempted receiving property, a felony of the fifth degree, in violation of R.C. 2913.51(A); and one count of drug possession, a felony of the fourth degree, in violation of R.C. 2925.11, with a one-year firearm specification. The court accepted Jefferson's pleas of guilt, set a sentencing date, and referred Jefferson to the county probation department for a presentence-investigation report.

{¶ 4} Sentencing was held on September 3, 2024. Prior to sentencing, the trial court indicated that it had reviewed the presentence-investigation report, along with a sentencing memorandum and letters of support filed by Jefferson. In Case No. CR-24-689643, the court sentenced Jefferson to 36 months on the failure to comply count; 16 months on the attempted having weapons while under disability count; 11 months on the attempted receiving property count; and 18 months on the drug possession offense, to run consecutive to one year imposed on the firearm specification. The counts were ordered to be run consecutively for a total stated prison term of 7 years, 9 months. This sentence was ordered to run concurrent to the remaining cases.

{¶ 5} The trial court also imposed a fine of $5,000 with respect to the failure to comply offense. The court waived all fines in the remaining cases. Jefferson's defense counsel did not object to the trial court's imposition of fines.

{¶ 6} Jefferson filed a notice of appeal on each of the sentencing entries issued by the trial court. On appeal, Jefferson only challenges the trial court's imposition of the $5,000 fine imposed in Case No. CR-24-689643. Jefferson presents two assignments of error for our review:

1. Trial counsel for Mr. Jefferson failed to provide effective assistance of counsel, guaranteed by both the United States Constitution and the Ohio Constitution, when he failed to object to the fine of $5,000 at sentencing.

2. The trial court committed plain error by sanctioning Mr. Jefferson with a fine of $5,000.

## II. Law and Analysis

{¶ 7} Each of Jefferson's assignments of error are premised on the validity of the $5,000 fine imposed in Case No. CR-24-689643. For ease of discussion, we will address Jefferson's assignments of error together, focusing on his second assigned error.

### A. Standard of review

{¶ 8} Jefferson did not object to the trial court's imposition of the $5,000 fine. As such, we review this issue for plain error. *State v. Mosby,* 2024-Ohio-5210, ¶ 63 (8th Dist.) (recognizing that where a defendant fails to challenge imposition of fines in the trial court the defendant waives all but plain error.) "'In order prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the proceedings clearly would have been different but for the error.'" *State v. Wagner*, 2024-Ohio-5394, ¶ 14 (8th Dist.), quoting *State v. Harris,* 2012-Ohio-802, ¶ 9 (8th Dist.). "We are to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.,* quoting *State v. Rogers,* 2015-Ohio-2459, ¶ 23.

## B. The trial court did not commit plain error by imposing a $5,000 fine.

**{¶ 9}** Prior to imposing a financial sanction, a trial court is required to "consider a defendant's present and future ability to pay the amount of the financial sanction or fine." R.C. 2929.19(B)(5). Jefferson alleges that the trial court failed to comply with this requirement.

**{¶ 10}** "There are no express factors the court must take into consideration or findings regarding the offender's ability to pay that must be made on the record." *Mosby* at ¶ 64, citing *State v. Cotto,* 2019-Ohio-985, ¶ 12 (8th Dist.). Nor is there any requirement "that the trial court state on the record that it affirmatively considered the defendant's present and future ability to pay a financial sanction at the time of sentencing." *Id.,* citing *State v. Petticrew,* 2023-Ohio-159, ¶ 19 (2d Dist.). "Nevertheless, the record should contain evidence that the trial court considered the defendant's present and future ability to pay before imposing the financial sanction." *Id.* It can be inferred that the trial court considered the defendant's present and future ability to pay the financial sanction, "where the trial court reviews a presentence-investigation report that contains information about the defendant's age, health, education, and work history." *Id.,* citing *State v. Clemons,* 2015-Ohio-520, ¶ 10 (8th Dist.); *State v. Willis,* 2012-Ohio-294, ¶ 4 (2d Dist.).

**{¶ 11}** Here, the record reflects that prior to imposing the $5,000 fine, the trial court indicated that it had reviewed the presentence-investigation report prepared by the probation department. The presentence-investigation report

contains information regarding Jefferson's age, education, physical and mental health, and employment history. This information in the report is sufficient from which a trial court could reasonably conclude that Jefferson has the present or future ability to pay the imposed fine.

{¶ 12} Since the trial court reviewed the presentence-investigation report prior to imposing a fine, it can be inferred that the trial court considered Jefferson's present and future ability to pay the fine. As such, we cannot conclude that the trial court committed error, plain or otherwise, in imposing the fine. Jefferson's second assignment of error is overruled.

### C. Jefferson's trial counsel was not ineffective

{¶ 13} In his first assigned error for review, Jefferson alleges that his trial counsel was constitutionally ineffective for failing to object to the trial court's imposition of the $5,000 fine. We disagree.

{¶ 14} In order to substantiate a claim for ineffective assistance of counsel, a defendant must satisfy a two-prong test. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client." *State v. Bradley*, 42 Ohio St.3d 136, 141 (1989). To establish this first prong, a defendant must show that "'counsel's representation fell below an objective standard of reasonableness.'" *Id.* at 142, quoting *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "'[B]ecause of the difficulties inherent in making [such an] evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance.'"
*Bradley* at 142, quoting *Strickland* at 689.

{¶ 15} "'[Second], and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.'" *Bradley* at 141-142.  Accordingly, in order to establish that one has been "prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would be different." *Id.* at 143.

{¶ 16} Jefferson claims that trial counsel was ineffective for failing to object to the imposition of the $5,000 fine, alleging that the record does not justify the imposition of the fine.  However, as discussed above, the trial court ordered and reviewed a copy of the presentence-investigation report prepared by the probation department prior to imposing the fine.  Again, the report included information regarding the Jefferson's age, education, physical and mental health, and employment history.  This information contained in the report is sufficient from which a trial court could reasonably conclude that Jefferson has the ability to pay the imposed fine.  As such, we cannot say that Jefferson's trial counsel fell below an objective standard of reasonableness by failing to object to an alleged error where none exists.

{¶ 17} With respect to the second prong, Jefferson makes no argument that the result would have been different.  To that extent Jefferson fails to direct this

court to anything in the record indicating that he did not have the present or future ability to pay the fine. Nor does he direct this court to any evidence in the record contradicting the presentence-investigation report reviewed by the trial court. Even if trial counsel's failure to object to the imposition of the $5,000 fine did fall below an objective standard of reasonableness, we cannot reasonably say that the trial court would not have imposed the fine, nor that the outcome would have been different.

{¶ 18} For these reasons, Jefferson failed to demonstrate that his trial counsel was constitutionally ineffective and, therefore, his first assignment of error is overruled.

## III. Conclusion

{¶ 19} We affirm the trial court's sanction of the $5,000 fine imposed on Jefferson's failure-to-comply offense. Prior to imposing the fine, the trial court indicated that it had reviewed the presentence-investigation report, which included information sufficient to demonstrate Jefferson's present and future ability to pay the fine. As a result, no error occurred.

{¶ 20} Jefferson further failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness, nor is there any evidence in the record indicating that had his counsel objected the outcome would have been different. As a result, he failed to demonstrate that he received ineffective assistance of counsel.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR