[Cite as *State v. Moore*, 2022-Ohio-3460.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-3 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-96 and |
| | : | 2021-CR-121 |
| ROGER LEE MOORE | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2022.

. . . . . . . . . . .

ELIZABETH HANNING SMITH, Atty. Reg. No. 0076701, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 2290 Lakeview Drive, Suite A, Beavercreek, Ohio 45431
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Roger Lee Moore appeals his conviction in Champaign C.P. No. 2021-CR-96 for two counts of aggravated possession of drugs, both felonies of the fifth degree, and in Champaign C.P. No. 2021-CR-121 for one count of unauthorized use of a motor vehicle, a misdemeanor of the first degree; one count of misuse of credit cards, a misdemeanor of the first degree; and one count of possession of a fentanyl-related compound, a felony of the fifth degree. Moore filed timely notices of appeal on January 20, 2022.

{¶ 2} On May 3, 2021, Moore was indicted in Case No. 2021-CR-96 for three counts of aggravated possession of drugs and one count of possession of a fentanyl-related compound. While he was out on bond in that case, he was indicted on July 7, 2021, for one count of unauthorized use of a motor vehicle, one count of misuse of credit cards, one count of petty theft, one count of possession of a fentanyl-related compound, one count of aggravated possession of drugs, and one count of possession of drugs in Case No. 2021-CR-121. At the time of the offenses in both cases, Moore was on post-release control supervision for a prior felony conviction.

{¶ 3} On August 12, 2021, Moore pled guilty to two counts of aggravated possession of drugs in Case No. 2021-CR-96 and to one count of unauthorized use of a motor vehicle, one count of misuse of credit cards, and one count of possession of a fentanyl-related compound in Case No. 2021-CR-121. In exchange for his guilty pleas, the State agreed to dismiss the other counts in both cases. The trial court found Moore guilty and ordered a presentence investigation report (PSI).

{¶ 4} At his disposition on September 16, 2021, Moore was placed on community control and ordered to complete the West Central Community Based Correctional Facility ("West Central") program. The trial court advised Moore that if he violated the terms of his community control and was revoked, he would likely be sentenced to prison in both cases.   Moore was admitted to West Central later that month.

{¶ 5} On December 9, 2021, a probation officer filed a notice of supervision violation alleging that Moore had failed to complete West Central residential program.   At Moore's community control violation hearing on December 28, 2021, the trial court found that he had failed to complete the West Central residential program and revoked his community control.   The trial court then sentenced Moore to 12 months in prison on each count of aggravated possession of drugs in Case No. 2021-CR-96 and ordered the sentences to be served consecutively.   In Case No. 2021-CR-121, the trial court sentenced Moore as follows: 180 days in jail for unauthorized use of a motor vehicle, 180 days for misuse of credit cards, and 12 months for possession of a fentanyl-related compound.   The sentences in Case 2021-CR-121 were ordered to be served concurrently to one another but consecutively to the sentence imposed in Case No. 2021-CR-96.   The aggregate sentence was 36 months in prison.

{¶ 6} Moore appeals.

{¶ 7} Because they are interrelated, we will discuss Moore's two assignments of error together:

THE TRIAL COURT FAILED TO ADEQUATELY CONSIDER THE
SENTENCING STATUTES PURSUANT TO O.R.C. 2929.11-2929.12,

ABUSING ITS DISCRETION IN SENTENCING APPELLANT.

THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO OHIO LAW AS THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES ON APPELLANT PRIOR TO MAKING ANY OF THE FINDING[S] REQUIRED BY O.R.C. 2929.14(C)(4) AND/OR BY FAILING TO MAKE ALL THE FINDINGS REQUIRED BY O.R.C. 2929.14(C)(4).

{¶ 8} In his first assignment, Moore contends that the sentence imposed by the trial court was contrary to law because the court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12.  On that basis, Moore argues that his sentence should be modified.  In his second assignment, Moore argues that the trial court erred when it imposed consecutive sentences without making the proper statutory findings pursuant to R.C. 2929.14(C)(4).

{¶ 9} To the extent that Moore seeks to have this Court modify his sentence, we emphasize that the Supreme Court of Ohio has clarified an appellate court's role in reviewing a felony sentence under R.C. 2953.08(G)(2).  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.  The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31.  Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon

a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶ 10} In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

{¶ 11} The prison terms imposed by the trial court in this case were within the statutory range, and the trial court specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Moore's sentences. The transcript of the sentencing hearing establishes that the trial court specifically addressed the

sentencing factors in R.C. 2929.11, stating as follows:

> * * * [T]he Court finds that there is substantial evidence that the Defendant violated his community control conditions by being discharged from the West Central Community-Based Correctional Facility. *The Court further finds that a prison sentence for such violations is consistent with the purposes and principles of sentencing under Section 2929.11.* Because a prison sentence is necessary to punish the offender and to deter, rehabilitate, and incapacitate the offender in order to protect the public from future crime and would not place an undo [sic] or unnecessary burden on governmental resources.

{¶ 12} Although the transcript of the sentencing hearing establishes that the trial court failed to specifically address the sentencing factors in R.C. 2929.12, absent an affirmative showing to the contrary, an appellate court will generally presume that the trial court did consider the statutory factors. *State v. Money*, 2d Dist. Clark No. 2009-CA-119, 2010-Ohio-6225, ¶ 10. This presumption may be rebutted by an affirmative showing that the trial court failed to consider the factors, or by demonstrating the chosen sentence is "strikingly inconsistent" with the applicable factors. *Id.* Furthermore, the trial court explicitly referenced R.C. 2929.11 and 2929.12 in its judgment entry of conviction, thoroughly explaining its rationale and how it considered the purposes and principles of sentencing when imposing Moore's sentence.

{¶ 13} Additionally, the trial court stated that Moore had a history of criminal convictions for breaking and entering, burglary, criminal trespass, possession of cocaine,

theft with an elderly specification, and forgery. The trial court also found that with respect to his previous convictions, Allen had served "four separate and distinct prison terms." Thus, Moore cannot demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must be affirmed. *See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9. Under *Jones*, this ends the inquiry regarding the individual and aggregate sentences.

{¶ 14} Moore's first assignment of error is overruled.

## Imposition of Consecutive Sentences

{¶ 15} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2d Dist. Greene No. 2020-CA-4, 2020-Ohio-5031, ¶ 44.

{¶ 16} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that: 1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender; 2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the

offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} In imposing consecutive sentences, the trial court made the required statutory findings. The court found, both orally and in its judgment entry, that consecutive sentences were necessary to protect the public or to punish Moore and that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger that he posed to the public. Additionally, the court found that Moore's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. Specifically, Moore's PSI established that he had several prior felony convictions for theft, breaking and entering, receiving stolen property, vandalism, grand theft of a motor vehicle, and burglary dating back to 2001. In addition to his prior felonies, Moore had an extensive record of misdemeanor convictions. Moore reported that he had committed multiple felony offenses and was adjudicated as a juvenile, but no records could be located to substantiate his claims. Moore also

reported that at 13 years of age, he was incarcerated for three years in a juvenile facility in Kentucky.

{¶ 18} Upon review of Moore's criminal history, we cannot conclude that the trial court's finding was clearly and convincingly unsupported by the record. The record amply supported the trial court's conclusion that Moore's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 19} Moore's second assignment of error is overruled.

{¶ 20} Both of Moore's assignments of error having been overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .


EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Elizabeth Hanning Smith
Thomas M. Kollin
Hon. Nick A. Selvaggio