**[Cite as *State v. McCormick*, 2023-Ohio-1303.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29607 |
| | : | |
| v. | : | Trial Court Case Nos. 2021 CR 03814; |
| | : | 2021 CR 4209 |
| WHITNEY TAYLOR MCCORMICK | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 21, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Attorney for Appellee

CHRISTOPHER BAZELEY, Attorney for Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Whitney Taylor McCormick appeals from her convictions following a guilty plea in Montgomery C.P. No. 2021 CR 3814 to one count of involuntary manslaughter and a guilty plea in Montgomery C.P. No. 2021 CR 4209 to one count of aggravated trafficking in drugs. On appeal, McCormick challenges the Reagan

Tokes Law, under which she was sentenced, as being unconstitutional. She further asserts that the trial court failed to consider the applicable sentencing factors and, therefore, her sentence is contrary to law. For the following reasons, we affirm the judgments of the trial court.

## I. Procedural History and Facts

{¶ 2} On November 29, 2021, McCormick was indicted by a Montgomery County grand jury in Case No. 2021 CR 3814 on one count of trafficking in cocaine (less than five grams), in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; one count of trafficking in fentanyl-related compound (equal to or exceeding one gram but less than five grams), in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; one count of trafficking in drugs (Schedule III, IV, or V), in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; two counts of corrupting another with drugs (Schedule I or II), in violation of R.C. 2925.02(A)(3), felonies of the second degree; and two counts of involuntary manslaughter (felony), in violation of R.C. 2903.04(A), felonies of the first degree.

{¶ 3} Due to the fact that McCormick entered guilty pleas, the following uncontested facts were garnered from the parties' sentencing memoranda and the presentence investigation report ("PSI"). The charges in Case No. 2021 CR 3814 were predicated on events that occurred on April 11, 2021. In the early evening hours of April 11, 2021, Clinton Williams, with whom McCormick had been friends since childhood, drove to McCormick's residence in Dayton to purchase cocaine. After purchasing what he believed to be cocaine from McCormick, he drove home and parked his car in his driveway. While sitting in his car, Williams consumed some of the drugs he had just

purchased. Unbeknownst to Williams, McCormick had provided him with fentanyl, not cocaine. When Williams' wife returned home several minutes after Williams, she discovered him lying in the driveway next to his vehicle suffering from an apparent drug overdose.

{¶ 4} Despite the efforts of paramedics and medical intervention at a local hospital, the doctors were unable to save Williams, who passed away later that evening. Autopsy and toxicology reports revealed that Williams' death was the result of consuming a mixture of fentanyl.

{¶ 5} After McCormick provided Williams with the fentanyl and he left her home, she attempted to message Williams when she discovered that she had grabbed the wrong bag and had given him fentanyl instead of cocaine. However, he did not receive the messages in time. She also attempted to call Williams' mother-in-law to contact Williams as soon as possible without success.

{¶ 6} Just over four months after Williams' death, on August 17, 2021, the Dayton Police Department executed a search warrant on McCormick's home. Inside the house, police recovered multiple firearms, a baggie containing a fentanyl mixture, numerous pills of various Schedule I or II prescription substances, multiple cell phones, a scale with apparent drug residue, and surveillance cameras. A subsequent search of McCormick's cell phones produced numerous messages reflecting McCormick coordinated the sale of drugs to other individuals during July and August 2021.

{¶ 7} As a result of the search warrant, McCormick was charged by way of bill of information in Case No. 2021 CR 4209. Pursuant to pre-indictment negotiations,

McCormick was only charged with one count of aggravated trafficking in drugs (Schedule I or II) (more than bulk but less than five times bulk), in violation of R.C. 2925.03(A)(1), a felony of the third degree.

**{¶ 8}** On August 8, 2022, McCormick entered a negotiated guilty plea to one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree, in Case No. 2021 CR 3814 and one count of aggravated trafficking in drugs (Schedule I or II) (more than bulk but less than five times bulk), in violation of R.C. 2925.03(A)(1), a felony of the third degree, in Case No. 2021 CR 4209.   Per the negotiated plea agreement, McCormick agreed to plead guilty to the two charges in exchange for the State's agreeing to dismiss the remaining charges in Case No. 2021 CR 3814 and not to pursue any additional charges arising out of the events related to Case No. 2021 CR 4209.   Both of McCormick's offenses carried a presumption for prison.   Thus, the parties further agreed that although sentencing would be determined by the court, if McCormick were to receive a prison sentence, then the prison sentences in each case would run concurrently.   After accepting McCormick's guilty pleas, the trial court ordered a PSI and scheduled sentencing.

**{¶ 9}** On September 7, 2022, the trial court imposed a prison term of 36 months in Case No. 2021 CR 4209 and an indeterminate sentence of a minimum of 8 years up to a maximum of 12 years in prison in Case No. 2021 CR 3814 in accordance with the Reagan Tokes Law.   The sentences were ordered to run concurrently.

**{¶ 10}** McCormick timely appealed and raises the following three assignments of error:

I.     THE HEARING PROVISION IN R.C. 2967.271 IS VAGUE AND VIOLATES MCCORMICK'S RIGHTS TO DUE PROCESS.

II.     THE RE[A]GAN TOKES LAW IS UNCONSTITUTIONAL.

III.    THE TRIAL COURT ERRED WHEN IT FAILED [TO APPLY] THE FACTORS OUTLINED IN R.C. 2929.11 AND R.C. 2929.12 WHEN IT IMPOSED SENTENCE ON MCCORMICK.

## II.  Constitutionality of Reagan Tokes Law

{¶ 11} In her first assignment of error, McCormick does not allege any error on the part of the trial court. Instead, she claims that R.C. 2967.271, which is part of the Reagan Tokes Law, is unconstitutional because it is vague and denies her the right to due process. The State contends that McCormick failed to raise any constitutional challenge in the trial court and therefore forfeits all but plain error on appeal. The State further responds that even if this Court were to consider the constitutionality of R.C. 2967.271, the statute is constitutional. We agree with the State.

### a.  Plain Error

{¶ 12} "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), citing *State v. Woodards*, 6 Ohio St.2d 14, 215 N.E.2d 568 (1966). The acceptable procedure is to raise any constitutional challenge to a statute in the trial court, generally by way of a specific motion, with an opportunity for the State to respond and the trial court to rule on said motion. *State v. Zuern*, 32 Ohio St.3d 56, 63, 512 N.E.2d 585 (1987). "Failure to raise at the trial

court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Awan* at syllabus.

{¶ 13} McCormick's involuntary manslaughter offense fell under the Reagan Tokes Law sentencing guidelines. However, McCormick never filed a motion challenging the constitutionality of the Reagan Tokes Law and never mentioned it in her sentencing memoranda. During the sentencing hearing, McCormick's defense counsel stated the following: "I appreciate the Court's -- and by the way, I'm not going to substitute my [judgment] for the Court's wisdom, but I can tell you in my years of doing this, I have an issue -- **quite a few issues regarding Reagan Tokes and -- which we object to, by the way, Your Honor, for purpose of the record and the future appellate reasons** -- and how everybody deserves a chance." (Emphasis added.) Sentencing Tr. p. 24. This vague general objection fell far short of any attempt to argue that a particular section of McCormick's sentencing was unconstitutional. Not only did she fail to specifically identify what about the Reagan Tokes Law was unconstitutional, but she neglected to develop any argument in support of her contention in a manner that would have permitted either the trial court or this Court to conduct a meaningful review. McCormick's failure to raise a specific objection to the constitutionality of R.C. 2967.271 before the trial court forfeits any challenge to the constitutionality of the statute on appeal. *State v. Moore*, 2d Dist. Montgomery No. 21613, 2007-Ohio-2721, ¶ 4.

{¶ 14} Nevertheless, this Court has discretion to review a forfeited constitutional

challenge to a statute under a plain error analysis. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. The burden of demonstrating plain error is on the appellant. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, citing *Quarterman* at ¶ 16. "In order for plain error to exist, there must be an obvious defect in the trial proceedings that affected the defendant's substantial rights, meaning that the trial court's error must have affected the outcome of the trial." *State v. Petticrew*, 2d Dist. Clark No. 2022-CA-29, 2023-Ohio-159, ¶ 18, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. The question, therefore, is "whether, but for the error, the outcome of the proceedings *clearly* would have been otherwise." (Emphasis sic.) *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, quoting *Long* at paragraph three of the syllabus.

{¶ 15} This Court has previously upheld the constitutionality of the Reagan Tokes Law on numerous occasions. *See e.g., State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 11 (finding the Reagan Tokes Law constitutional and listing additional cases). We previously rejected a similar constitutional argument in *State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513. In that case, Compton argued, in addition to other things, that the statute is vague because it does not provide the structure as to how the hearing should be conducted or

to what due process rights a defendant is entitled. In rejecting his argument, we concluded that "[b]ecause the procedures employed under the Reagan Tokes Law provide for notice of a hearing at which an offender has an opportunity to be heard, and because the Reagan Tokes Law does not give the ODRC [Ohio Department of Rehabilitation and Correction] unfettered discretion to decide when an offender must serve more than the minimum term, we once again hold that the Law does not violate an offender's right to due process." *Id.* at ¶ 18. The Supreme Court of Ohio has yet to rule on the constitutionality of the Reagan Tokes Law, which is currently pending before the Court. *See State v. Simmons*, 2021-0532 and *State v. Hacker*, 2020-1496. The trial court, as an inferior court, was required to follow the controlling authority of this Court's precedent unless the Ohio Supreme Court renders a decision to the contrary. *See In re Schott*, 16 Ohio App.2d 72, 75, 241 N.E.2d 773 (1st Dist.1968) ("A decision by the Supreme Court or the Court of Appeals of a particular county binds the Common Pleas Court of that county."). Plain error cannot be found where, even if McCormick had challenged the constitutionality of the Reagan Tokes Law in the trial court, the outcome would not have been any different. We therefore overrule her first assignment of error.

### b. McCormick's Constitutional Challenge

{¶ 16} Even if we were to consider McCormick's argument, her argument lacks merit, because we cannot conclude that R.C. 2967.271 is unconstitutional. McCormick specifically argues in her first assignment of error that the "vague reference to 'a hearing' in R.C. 2967.271 violates McCormick's right to due process under the U.S. and Ohio constitutions." Brief of Appellant p. 7. We have previously rejected arguments alleging

that the Reagan Tokes Law is unconstitutional, and we continue to do so.

### i. Reagan Tokes Law Overview

{¶ 17} "Effective March 22, 2019, the Reagan Tokes Law established indefinite-sentencing provisions for people convicted of non-life-sentence felony offenses of the first or second degree." *State v. Maddox*, 168 Ohio St.3d 292, 2022-Ohio-764, 198 N.E.3d 797, ¶ 4. As a result of the new law, a trial court must impose indefinite prison terms for the qualifying offenses consisting of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term calculated using formulas set forth in R.C. 2929.144.

{¶ 18} When a defendant is sentenced to a non-life felony indefinite prison term in accordance with Reagan Tokes Law, "there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). Although there is a presumption that a defendant will be released on the expiration of their minimum prison term, the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut that presumption "if it determines, after a hearing, that among other things, the prisoner has violated prison rules or the law (thereby demonstrating that the prisoner has not been rehabilitated and poses a threat to society), the prisoner has been placed in restrictive housing in the past year, or is classified as a security level of three or above." *State v. Glaze*, 2d Dist. Montgomery No. 29431, 2022-Ohio-4549, ¶ 8, citing R.C. 2967.271(C).

{¶ 19} If the ODRC rebuts the presumption for release, the ODRC may "maintain

the offender's incarceration" for an additional "reasonable period" of incarceration, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1). After the additional period of incarceration, an offender is again presumed to be released unless the department rebuts that presumption in a hearing as specified in R.C. 2967.271(C). R.C. 2967.271(D)(2). The ODRC shall provide notices of hearings "in the same manner, and to the same persons" as it provides "with respect to hearings to be conducted regarding the possible release on parole of an inmate." R.C. 2967.271(E). Finally, R.C. 2967.271(F) permits the director of the ODRC to recommend a reduction in the offender's minimum prison term (except for sexually oriented offense convictions) "due to the offender's exceptional conduct while incarcerated." A trial court is required to notify a defendant at the time of sentencing of the rebuttable presumption of release as set forth in R.C. 2967.271. *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 22-23, citing R.C. 2929.19(B)(2)(c).

### ii. Constitutional Analysis

{¶ 20} "The constitutionality of a statute is a question of law that we consider de novo." *State v. Weber*, 163 Ohio St.3d 125, 2020-Ohio-6832, 168 N.E.3d 468, ¶ 7, citing *Cleveland v. State*, 157 Ohio St.3d 330, 2019-Ohio-3820, 136 N.E.3d 466, ¶ 15. Generally, de novo review allows an appellate court to independently review a trial court's decision without any deference to the trial court's determination. *State v. Clay*, 2d Dist. Montgomery No. 2015-CA-17, 2016-Ohio-424, ¶ 5. However, because McCormick never raised the constitutionality of the statute in the trial court, we consider the constitutionality of the statute in the first instance.

**{¶ 21}** "As a threshold matter, we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, citing *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4. "Thus, when evaluating constitutional claims, we must make *every reasonable presumption* and resolve any doubt as to the statute's constitutionality *in favor of the validity* of the statute." (Emphasis sic.) *Brandt v. Pompa*, Ohio Slip Opinion No. 2022-Ohio-4525, __ N.E.3d __, ¶ 90, citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 149, 128 N.E.2d 59 (1955).

**{¶ 22}** "A party may challenge a statute as unconstitutional on its face or as applied to a particular set of facts." *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph four of the syllabus. A facial challenge requires the challenger to prove the constitutional defect beyond a reasonable doubt, whereas an as-applied challenge requires only clear and convincing evidence of the statute's constitutional defect. *State ex rel. Ohio Conglomeration of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 21. "Facial challenges to the constitutionality of a statute are the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 21, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). "The fact that a statute might operate unconstitutionally under some

plausible set of circumstances is insufficient to render it wholly invalid." *Harrold* at ¶ 37, citing *Salerno* at 745. Furthermore, "it is not enough to show that one plausible reading requires the statute to be stricken as unconstitutional, when another plausible reading permits it to survive." *Ohio Grocers Assn. v. Levin*, 123 Ohio St.3d 303, 2009-Ohio-4872, 916 N.E.2d 446, ¶ 24.

{¶ 23} In this case, McCormick raises a facial challenge to R.C. 2967.271, claiming that the law is void for vagueness because the statute fails to delineate the due process protections to which a defendant is entitled during the hearing permitted pursuant to R.C. 2967.271(C). McCormick argues that because the statute does not define the term "hearing," it is unclear what due process rights she will be entitled if, and when, she receives a R.C. 2967.271 hearing. Having made a facial challenge to the statute, McCormick must establish beyond a reasonable doubt that there exists no set of circumstances under which the statute would be valid.

{¶ 24} In considering a void-for-vagueness challenge, "the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement." *State v. Williams*, 88 Ohio St.3d 513, 532, 728 N.E.2d 342 (2000), citing *Chicago v. Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999). "The void-for-vagueness doctrine does not require statutes to be drafted with scientific precision. * * * Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial

construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional." (Citations omitted.) *Perez v. Cleveland*, 78 Ohio St.3d 376, 378-79, 678 N.E.2d 537 (1997).

{¶ 25} R.C. 2967.271(C) does not prohibit any conduct. Rather, it provides an administrative procedure for the ODRC to apply to determine whether an inmate should continue to be held past the expiration of their minimum sentence, but not beyond their maximum sentence. Because these administrative proceedings are not a criminal statute prohibiting certain conduct, the needed specificity required to uphold the constitutionality of the statute is not as stringent. *Salem v. Liquor Control Comm.*, 34 Ohio St.2d 244, 246, 298 N.E.2d 138 (1973).

{¶ 26} It is true that the Reagan Tokes Law provides no details concerning the due process procedures to be employed for the hearing. However, as other Ohio appellate courts have held, "the Reagan Tokes Law may not be found to be unconstitutional, on its face, as violating due process merely because the specific procedures for invoking an additional period of incarceration are not set forth in the Law itself." *State v. Williams*, 6th Dist. Lucas No. L-21-1152, 2022-Ohio-2812, ¶ 22. *See also State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 43, *appeal allowed* 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850 (the specific procedural requirements need not be set forth in the language of the statute itself in order to withstand a facial constitutional challenge). This is because "the legislature is not required to codify all rules and procedures under the statutory provision but instead can defer to the executive agency's establishment of its own rules or procedures to safeguard constitutional concerns, which

must be challenged through the appropriate mechanisms." *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 59 (8th Dist.) (en banc), *appeal allowed* 166 Ohio St.3d 1496, 2022-Ohio-1485, 186 N.E.3d 830.

{¶ 27} Although this Court has previously likened the presumptive minimum term hearing as being "akin to the decision to grant or deny parole," under a facial challenge to the statute, we need not consider what level of due process the hearing requires or compare the presumptive minimum term hearing to any other type of hearing, as McCormick suggests. *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 17. So long as the hearing can be said to satisfy due process under one plausible reading, the statute may not be stricken as unconstitutional.

{¶ 28} Notably, in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, we commented that:

"[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." *Woods [v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000)], citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the [ODRC] must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the [ODRC] unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Id.* at ¶ 25.

**{¶ 29}** Having previously recognized that the Reagan Tokes Law provides at least the minimum level of due process required, we necessarily conclude that the law is capable of being enforced in a manner that would not violate an offender's right to due process. Moreover, given that this is a facial challenge to the statute, it cannot be said at this juncture that the statute cannot be applied constitutionally under any circumstances. Because McCormick has failed to prove beyond a reasonable doubt that Reagan Tokes Law is unconstitutional, her first assignment of error is overruled.

**III.    App.R. 12(A)(2)**

**{¶ 30}** McCormick's second assignment of error states the following in its entirety:

The constitutionality of a statute is reviewed de novo. *See e.g.*[,] *Andreyko* [*v. Cincinnati*, 153 Ohio App.3d 108, 112, 2003-Ohio-2759, 791 N.E.2d 1025 (1st Dist.)] McCormick asserts that every aspect of Re[a]gan Tokes law is unconstitutional in that it deprives her of her rights under the U.S. and Ohio constitutions.

Brief of Appellant at p. 7.

**{¶ 31}** McCormick fails to make any argument or point to any particular constitutional violation. She also does not cite supporting authority, statutes, or parts of the record upon which she relies. App.R. 16(A)(7) provides that an assignment of error must contain "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party

raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." "This court is not obligated to formulate legal arguments on behalf of the parties, because acting as an appellate court, we preside as arbiters of the legal questions presented and *argued by the parties.*" (Emphasis sic.) *State v. Brunson*, Ohio Slip Opinion No. 2022-Ohio-4299, __ N.E.3d __, ¶ 24, citing *Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 19. Because we decline to create any arguments on McCormick's behalf, we will disregard this assignment of error. Consequently, her second assignment of error is overruled.

### IV. Sentence is Not Contrary to Law

{¶ 32} In her final assignment of error, McCormick challenges the imposition of her indeterminate sentence of a minimum of 8 years in prison to a maximum of 12 years in prison. While acknowledging that the trial court mentioned the purposes and principles of sentencing and the seriousness and recidivism factors at the sentencing hearing, McCormick contends that the trial court failed to properly weigh the factors such that her sentence should be reversed. Her argument lacks merit.

{¶ 33} "When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Small*, 2d Dist. Clark No. 2021-CA-30, 2022-Ohio-636, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing

court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.*, citing *Marcum* at ¶ 9. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 34} McCormick did not challenge any specified findings enumerated under R.C. 2953.08(G)(2)(a). Rather, she challenges that her sentence "is otherwise contrary to law," under R.C. 2953.08(G)(2)(b). "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). Although a court imposing a felony sentence must consider R.C. 2929.11 and 2929.12, neither statute "requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Moreover, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. Therefore, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11

and 2929.12, we do not analyze whether those sentences are unsupported by the record but only whether those sentences are contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 35} Under R.C. 2929.14(A)(1), the sentence for McCormick's first-degree felony conviction was to be "an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" R.C. 2929.144(B)(1) instructs the trial court to calculate the maximum term of imprisonment for the first-degree felony as being equal to the minimum term imposed plus fifty percent of that term. Consistent with these statutes, the trial court imposed a stated minimum term of 8 years and a maximum of 12 years (8 years plus 50 percent of 8 years). McCormick was also advised of the rebuttable presumption that she would be released at the expiration of her minimum prison sentence.

{¶ 36} Pursuant to R.C. 2929.14(A)(3)(b), the sentence for McCormick's third-degree felony conviction was to be "a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Consistent with this subsection, the trial court imposed a 36-month sentence. Consequently, each of McCormick's sentences fell within the applicable sentencing guidelines and was not contrary to law on that basis.

{¶ 37} Prior to imposing sentence, the trial court stated on the record that it had considered the PSI, both the State's and McCormick's sentencing memoranda, the victim impact statements, and the oral statements of McCormick and her counsel during allocution. The trial court explicitly stated that it had considered "the purposes and

principles of sentencing and the seriousness and recidivism factors" prior to imposing sentence. Sentencing Tr. at p. 27. Furthermore, the record reflects that the trial court did consider the purposes and principles of sentencing under R.C. 2929.11 and weigh the seriousness and recidivism factors in R.C. 2929.12. The trial court noted that McCormick's actions resulted in the untimely death of Williams and that she took advantage of her "customers," who were people suffering from addiction. Significantly, the trial court noted that "one of the most influential factors" in imposing sentence was that McCormick continued trafficking drugs even after her friend died from consuming drugs McCormick had sold to him.

{¶ 38} We note that both offenses carried a presumption for prison. It was discussed at the time of sentencing that McCormick had prior misdemeanor criminal convictions, including menacing and possession of controlled substances according to the PSI. Furthermore, McCormick acknowledged at sentencing that she had pending drug-related cases in South Carolina. The PSI reflected that the pending felony cases included trafficking in methamphetamine or cocaine base (10 grams or more but less than 28 grams); manufacture/possess other substance in Schedule I, II, or III or flunitrazepam or analog; and trafficking in cocaine (10 grams or more but less than 28 grams). The PSI further revealed that McCormick had been released on her own recognizance before trial in the Dayton Municipal Court and was under felony indictment in South Carolina at the time of her August 17, 2021 drug trafficking offense.

{¶ 39} To the extent McCormick asks this Court to re-weigh the sentencing factors to determine whether her sentence was "strikingly inconsistent" with the applicable

sentencing factors, we decline to do so. As *Jones* explained, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42. In other words, R.C. 2953.08 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 10 (Brunner, J., concurring), citing *Jones* at ¶ 39.

{¶ 40} McCormick's reliance on *State v. Moore*, 2d Dist. Montgomery No. 2022-CA-3, 2022-Ohio-3460, is misplaced. In *Moore*, the trial court explicitly stated it had considered R.C. 2929.11 but failed to specifically address the sentencing factors in R.C. 2929.12. *Id.* at ¶ 11-12. We explained that where a trial court fails to specifically address the sentencing factors in R.C. 2929.12, "an appellate court will generally presume that the trial court did consider the statutory factors. * * * This presumption may be rebutted by an affirmative showing that the trial court failed to consider the factors, or by demonstrating the chosen sentence is 'strikingly inconsistent' with the applicable factors." (Citation omitted.) *Id.* at ¶ 12, citing *State v. Money*, 2d Dist. Clark No. 2009-CA-119, 2010-Ohio-6225, ¶ 10. But we need not make any presumptions here. Unlike *Moore*, this is not the case where the record is silent as to whether the trial court considered either R.C. 2929.11 or 2929.12. We can discern from the record that the trial court engaged in a weighing of the factors. Significantly, a trial court need not identify each factor individually and conduct the analysis on the record. This is because "[a] trial

court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence." *State v. Searls*, 2022-Ohio-858, 186 N.E.3d 328, ¶ 38 (2d Dist.), citing *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. Because the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12, and the sentence fell within the applicable sentencing ranges, McCormick cannot demonstrate that her sentence was clearly and convincingly contrary to law. We overrule McCormick's second assignment of error.

## V. Conclusion

{¶ 41} Having overruled all the assignments of error, we affirm the judgments of the trial court.

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.