[Cite as *State v. Frantz*, 2023-Ohio-1833.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-61 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0005(B) |
| | : | |
| BRIAN FRANTZ, JR. | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 2, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

RICK L. FERRARA, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Brian Frantz, Jr., appeals from his judgment of conviction in the Clark County Court of Common Pleas after he pled guilty to one count of aggravated robbery. In support of his appeal, Frantz claims that his sentence is contrary to law because the trial court did not confine its sentencing considerations to the single count of

aggravated robbery for which he was convicted. Specifically, Frantz takes issue with the trial court's consideration of four additional counts of aggravated robbery that were dismissed pursuant to his plea agreement. Frantz also claims that the indefinite sentencing scheme under which he was sentenced, i.e., the Reagan Tokes Law, is unconstitutional. For the reasons outlined below, we disagree with Frantz's claims and will affirm the judgment of the trial court.

### Facts and Course of Proceedings

{¶ 2} On January 4, 2022, a Clark County grand jury returned an indictment charging Frantz with five counts of aggravated robbery, all of which were felonies of the first degree. Four of the five counts also included a three-year firearm specification. The charges and specifications arose from allegations that between November 1 and December 14, 2021, Frantz and an accomplice committed five robberies at various drive-through beverage retailers in Clark County, Ohio.

{¶ 3} On July 11, 2022, Frantz entered a plea agreement and pled guilty to the count of aggravated robbery that did not include a firearm specification. In exchange for his guilty plea, the State agreed to dismiss the four remaining counts and specifications and to request a presentence investigation report ("PSI") for sentencing. Following a plea colloquy, the trial court accepted Frantz's guilty plea and found him guilty of the single count of aggravated robbery. Thereafter, the trial court ordered a PSI and scheduled a sentencing hearing for August 3, 2022.

{¶ 4} When sentencing Frantz, the trial court applied the indefinite sentencing

scheme set forth under the Reagan Tokes Law. Under this law, when imposing prison terms for defendants found guilty of first- or second-degree-felony offenses committed on or after March 22, 2019, the sentencing court must impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144. In applying the Reagan Tokes Law, the trial court sentenced Frantz to an indefinite term of 11 to 16.5 years in prison—the maximum possible sentence. Prior to announcing the sentence, the trial court stated that "the State ha[d] afforded [Frantz] a tremendous amount of leniency in dismissing four aggravated robbery offenses with gun specifications." Sentencing Tr. (Aug 3, 2022), p. 11.

{¶ 5} Frantz now appeals from his sentence, raising two assignments of error for review.

## First Assignment of Error

{¶ 6} Under his first assignment of error, Frantz contends that his sentence is contrary to law because the trial court did not confine its sentencing considerations to the single count of aggravated robbery for which he was convicted. According to Frantz, the trial court improperly considered the four counts of aggravated robbery that were dismissed pursuant to his plea agreement. In doing so, Frantz claims that the trial court engaged in the prohibited practice of "sentence packaging" and violated the well-established principle that sentencing courts must consider each offense individually and impose a separate sentence for each offense. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8-10. We disagree with Frantz's claim.

{¶ 7} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Pursuant to that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 8} As previously discussed, Frantz claims that his sentence is contrary to law because the trial court considered the four dismissed counts of aggravated robbery at sentencing. However, it is well established that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 2010-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). This court has consistently recognized that " 'the evidence the court may consider [at sentencing] is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt.' " *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 23, quoting *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, *and facts related to a charge that was dismissed under a plea agreement.*" (Emphasis added.) *Bodkins* at ¶ 43, citing *Bowser* at ¶ 15-16. Accordingly, " ' "[i]t is settled law that a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal." ' " *State v. Curtis*, 2d Dist. Miami No. 2021-

CA-19, 2022-Ohio-1691, ¶ 12, quoting *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 26, quoting *State v. Esmail*, 7th Dist. Columbiana No. 13 CO 35, 2014-Ohio-2297, ¶ 11.

{¶ 9} Based on the foregoing, we find that the trial court was permitted to consider the four dismissed counts of aggravated robbery when sentencing Frantz. Contrary to Frantz's claim otherwise, the trial court's consideration of those counts did not amount to sentence packaging. Sentencing packaging occurs when a defendant pleads to or is found guilty of multiple offenses and the sentencing court groups those offenses together and imposes a single, lump sentence as opposed to assigning an individual sentence to each offense. *See Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824 at ¶ 5-8. In this case, Frantz pled guilty to only one offense and received a single sentence for that offense as required by Ohio law. Accordingly, Frantz's sentence packaging argument lacks merit.

{¶ 10} Frantz's first assignment of error is overruled.

## Second Assignment of Error

{¶ 11} Under his second assignment of error, Frantz claims that the indefinite sentencing scheme established by the Reagan Tokes Law is unconstitutional. Frantz claims that the law is unconstitutional because it violates the separation-of-powers doctrine and the right to due process. Frantz also claims that the Reagan Tokes Law is unconstitutionally vague. We disagree.

{¶ 12} As a preliminary matter, we note that Frantz failed to raise his constitutional

challenges to the Reagan Tokes Law in the trial court. "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2. "In order for plain error to exist, there must be an obvious defect in the trial proceedings that affected the defendant's substantial rights, meaning that the trial court's error must have affected the outcome of the trial." *State v. Petticrew*, 2d Dist. Clark No. 2022-CA-29, 2023-Ohio-159, ¶ 18, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16.

{¶ 13} Although this court retains the ability to review Frantz's constitutional challenges for plain error, we have on multiple occasions analyzed and rejected arguments similar to those raised by Frantz and decline to reiterate them here. Indeed, this court has consistently rejected arguments claiming that the Reagan Tokes Law violates the separation-of-powers doctrine and the right to due process, and that the law is unconstitutionally vague. *See, e.g., State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513, ¶ 10-19 (rejecting constitutional challenges based on separation of powers, due process, and vagueness); *State v. McCormick*, 2d Dist. Montgomery No. 29607, 2023-Ohio-1303, ¶ 11, and 23-29 (rejecting constitutional challenges based on vagueness and due process); *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 6, 8, and 17-23 (rejecting constitutional challenges based on separation of powers and due process); *State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 11 (citing several Second District cases rejecting constitutional challenges based on separation of powers and due process).

**{¶ 14}** We note that the constitutionality of the Reagan Tokes Law is an issue that is currently pending before the Supreme Court of Ohio. *See State v. Hacker*, Sup. Ct. Case No. 2020-1496, and *State v. Simmons*, Sup Ct. Case No. 2021-0532. However, until that court issues a decision that is contrary to this court's holdings on the matter, the aforementioned precedent from this court remains the controlling authority. Therefore, based on this court's precedent, we find that Frantz's constitutional arguments lack merit.

**{¶ 15}** Frantz second assignment of error is overruled.

## Conclusion

**{¶ 16}** Having overruled both assignments of error raised by Frantz, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.